UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. STEVENSON,
Trustee,

        Plaintiff,                             Civil Action No.
                                               03-CV-70927-DT

vs.

                                               HON. BERNARD A. FRIEDMAN

H. HICKS AND COMPANY, INC.,
d/b/a/ HICKS CONSTRUCTION
COMPANY,

        Defendant

_____/

## OPINION AND ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is presently before the court on plaintiff's motion for summary judgment. Magistrate Judge R. Steven Whelan submitted a Report and Recommendation in which he recommends that the court grant in part, and deny in part, plaintiff's motion for summary judgment. The court reviews de novo those portions of the magistrate judge's report and recommendation to which a specific objection has been made. Fed. R. Civ. P. 72(b).

The evidence in this matter is fully summarized in the magistrate judge's report and recommendation, as well as the parties' summary judgment briefs, and it need not be repeated here. Briefly, plaintiff Michael A. Stevenson is the trustee of George D. Cutler's bankruptcy estate. Stevenson seeks to avoid and recover an $100,000.00 transfer. Trustee Stevenson alleges that the $100,000.00 was part of a fraudulent transfer by debtor Cutler to defendant H. Hicks & Company, Inc.

1

Defendant objects to five aspects of the magistrate judge's report and recommendation. Defendant's objections are that the magistrate judge: (1) improperly granted summary judgment *sua sponte* on the issue of whether the alleged fraudulent transfer constituted "an interest of the debtor in property;" (2) erred in determining that there was no "entireties property" involved; (3) rejected defendant's arguments that the transfer was for reasonably equivalent value; (4) granted summary judgment in favor of plaintiff on the issue of defendant's liability; and (5) recommended that the issues in the case be "narrowed for trial." The court is not persuaded by any of defendant's objections. Therefore, for the reasons stated below, the report and recommendation is adopted.

Defendant's first objection is that the magistrate judge granted summary judgment *sua sponte* on the issue of whether the transfer was an "interest of the debtor in property." The statute discussing fraudulent transfers and obligations states in pertinent part that:

> [t]he trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition . . . .

11 U.S.C. § 548(a)(1).

Defendant claims that plaintiff failed to present any evidence establishing that the transfer was an interest of the debtor in property. Therefore, the magistrate judge did not have the discretion to issue a recommendation on this issue. This is incorrect because plaintiff's summary judgment motion argued that the transfer of $100,000.00, from debtor to defendant, was avoidable and recoverable pursuant to 11 U.S.C. §§ 548(a)(1), 550. Whether or not the transfer was avoidable

2

and recoverable, depends on whether the transfer constituted "an interest of the debtor in property." As the statue states, "the trustee must avoid any transfer of any interest of the debtor in property . . . ." 11 U.S.C. § 548(a)(1). For this reason, the court is required to decide whether the transfer constituted "an interest of the debtor in property," prior to determining whether the transfer was avoidable. Therefore, the magistrate judge's recommendation on this issue was not an abuse of discretion or, as defendant alleges, an "extraordinary leap."

Next, defendant argues that the magistrate judge erred in recommending that the court find that this case does not involve "entireties property." Defendant claims that the magistrate judge "offers no evidence in support of this conclusion, let alone legal authority." Defendant's Objection to Report and Recommendation, p. 7. This objection fails because the facts show that debtor and his wife transferred money derived from the proceeds of the refinancing of the entireties property.

It is well-established that "conversion of entireties property to proceeds generally results in the dissolution" of its status as an entireties property. Matter of Wickstrom, 113 B.R. 339, 349 (Bankr. W.D. Mich. 1990). Therefore, when reduced to its monetary form, proceeds constitute personal property. Id. "A tenancy by the entireties can only be created in personal property by statute," and an estate by entireties is limited to real property. Jahn v. Regan, 584 F.Supp. 399, 409 (E.D. Mich. 1984). In other words, the law establishes that "entireties property" is no longer considered "entireties property," when it is converted to proceeds. The magistrate judge's recommendation properly follows Michigan's well-established law that no entireties property is involved in this case.

Defendant's third objection is that the magistrate judge's recommendation as to its "first and third arguments" was incorrect. Debtor's first argument is that it received reasonably

3

equivalent value for the transfer via an "indirect economic benefit." Debtor's third argument is that in the absence of payment for debtor's company, debtor would have been liable under the Michigan Builders' Trust Fund Act ("MBTFA").

Defendant claims that plaintiff, as the movant, had the burden of proof establishing that defendant's indirect economic benefit constituted reasonably equivalent value. However, defendant's contention is incorrect. Instead, when a defendant alleges an indirect economic benefit, it has the burden of pointing to evidence in the record "quantifying the value of those inherent benefits to the Debtor." In re Wes Dor, Inc., 996 F.2d 937, 943 (10th Cir. 1993). Thus, as the report and recommendation properly points out, the burden was on defendant.

Next, defendant asserts that even if it had the burden of establishing the legitimacy of the transfer, it has met that burden. Defendant argues that the transfer from debtor was legitimate because debtor received an indirect economic benefit. Both defendant and debtor fail to specify what constituted the alleged indirect economic benefit. Defendant must set forth specific facts in order to meet its burden of establishing an indirect economic benefit. Failure to plead these facts with specificity renders the transaction illegitimate. Accordingly, the court cannot conclude that the transfer constituted reasonably equivalent value.

Defendant's third argument claims that without a payment from Professional Engineers & Designers[1] to defendant, debtor would have been liable under the MBTFA.[2] The magistrate judge's report and recommendation clearly explains that there is no evidence that debtor

---

[1] Professional Engineers & Designers was a company owned by debtor.

[2] Defendant objects to the ruling in a heading, but does not expand on the objection in its brief.

4

would have been liable under the MBTFA. Moreover, defendant does not set forth any reason whatsoever for rejecting the report and recommendation on this issue.

Defendant's fourth objection relates to the recommendation that summary judgment should be granted for plaintiff on the issue of defendant's liability. Defendant contends that there is a question of fact as to whether Hicks was the initial transferee of the alleged fraudulent transfer.

Defendant argues that it received the funds from Philip R. Seaver Title Company, not debtor, thus, it was not the "initial transferee." Defendant's argument is contrary to the law of "initial transferees." Entities that act merely as financial conduits for a debtor's funds are not considered "initial transferee[s]." See In Re Finley, Kumble, et. al., 130 F.3d 52, 59 (2nd Cir. 1997) ("a commercial entity that, in the ordinary course of its business, acts as a mere conduit for funds and performs that role consistent with its contractual undertaking in respect of the challenged transaction, is not an initial transferee within the meaning of § 550(a)(1)."). Philip R. Seaver Title Company's ordinary course of business includes acting as a conduit for funds. In this case it is clear that defendant is the initial transferee from debtor, through the Title Company, to defendant.

Therefore, defendant's objection that summary judgment should not be granted as to whether defendant was the initial transferee is rejected. The issue of defendant's liability, and status as the initial transferee, is intertwined with one of the questions presented in plaintiff's motion (whether the transfer between defendant and debtor was fraudulent).

The bankruptcy code states that the trustee may avoid any transfer of any interest of the debtor in property. See 11 U.S.C. § 548(a)(1). Furthermore, the statute dealing with the liability of a transferee when a transfer is avoided states:

5

> the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from . . . the initial transferee of such transfer or the entity for whose benefit such transfer was made . . . .

11 U.S.C. § 550(a)(1). According to this language, the magistrate judge's recommendation was appropriate on the initial transferee issue, and defendant's objection is rejected.

Finally, defendant objects to the magistrate judge's recommendation that the issues should be narrowed for purposes of trial. The report and recommendation states that:

> [p]laintiff has demonstrated the absence of a genuine issue of material fact on several aspects of his claim, namely that (a) property of the estate was transferred, (b) the transfer occurred within the one-year preceding the filing of the bankruptcy petition, and (c) defendant is strictly liable for repayment of the transfer under § 550(a) if it is in fact found to be fraudulent. Pursuant to Fed. R. Civ. P. 56(d), the Court should deem these matters established as a matter of law.

Magistrate Judge's Report and Recommendation, p. 29. Defendant asserts that the magistrate judge ruled *sua sponte* on these issues and incorrectly applied Fed. R. Civ. P. 56(d). Rule 56(d) "provides a procedural device whereby the Court may salvage much labor from a denial of summary judgment, narrowing the factual issues for trial." URI Cogeneration v. Bd. of Governors for Higher Educ., 915 F.Supp. 1267, 1279 (D. R.I. 1996).

Plaintiff is entitled to summary judgment on some, but not all, of its claims. When there are genuine issues of material facts as to certain claims, or elements of certain claims, summary judgment is inappropriate. See Fed. R. Civ. P. 56(d). However, in the absence of genuine fact questions, narrowing the issues for trial only to those issues where genuine fact questions remain is appropriate. Therefore, the magistrate judge's recommendation narrowing the issues for trial is adopted.

For all of the foregoing reasons, the court overrules all of defendant's objections to the magistrate judge's report and recommendation. Accordingly,

IT IS ORDERED that Magistrate Judge Whalen's Report and Recommendation is accepted and adopted as the findings and conclusions of the court.

_____s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated:  August 5, 2005
        Detroit, Michigan

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

_____/s/ Patricia Foster Hommel_____
        Patricia Foster Hommel
        Secretary to Chief Judge Friedman

7